# In the United States Court of Federal Claims

No. 22-193C

(Filed: March 9, 2022)

**NOT FOR PUBLICATION**

| | |
|---|---|
| RICHARD FRANCHI, | ) |
| | ) Pro Se Complaint; Social |
| Plaintiff, | ) Security Benefits; 42 U.S.C. |
| | ) §§ 405(g)-(h); Sua Sponte |
| v. | ) Dismissal for Want of |
| | ) Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

The court has before it pro se plaintiff Richard Franchi's complaint, ECF No. 1. Because the court lacks jurisdiction over the claim made in plaintiff's complaint, the court dismisses this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) sua sponte. See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.  Background

On February 18, 2022, plaintiff filed a complaint in this court alleging that defendant "was obligated" to withhold certain sums from two parties' Social Security Act benefits and pay those sums to plaintiff. ECF No. 1 at 2. Plaintiff alleges that he is an attorney and he represented two claimants during their disability benefits "administrative hearing and appeal processes in Connecticut." Id. Because the representation was successful, plaintiff alleges that he is entitled to $6,000 of each of the claimant's benefits, paid by defendant. See id. According to plaintiff, he demanded payment from the Social Security Administration and has not been paid. See id.

As plaintiff is an attorney, he has elected to proceed pro se in this suit. See id. at 1. Plaintiff alleges that jurisdiction is appropriate in this court because the case arises out

of "the Social Security Administration actions pursuant to 42 U.S.C. sect. 423 et seq." Id.

II.  Legal Standards

This court is one of limited jurisdiction.  Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance [of the] evidence."  Arunga v. United States, 465 Fed. App'x 966, 967 (Fed. Cir. 2012) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).  While complaints from pro se litigants are held to "'less stringent standards,'" "'this latitude . . . does not relieve a pro se plaintiff from meeting jurisdictional requirements.'"  Id. (quoting Naskar v. United States, 82 Fed. Cl. 319, 320 (2008)).  "If [this court] determines at any time it lacks subject matter jurisdiction, it must dismiss the action."  RCFC 12(h)(3).

III.  Analysis

A.  Jurisdiction

The claims presented in plaintiff's complaint are, by their nature, related to social security benefits.  See ECF No. 1.  This court has no jurisdiction over matters related to social security benefits and thus, does not have the authority to consider plaintiff's complaint.  See e.g., Arunga, 465 Fed. App'x at 967-68 (noting that "no decision regarding social security benefits 'shall be reviewed by any person, tribunal, or governmental agency' except as provided by the Social Security Act") (quoting 42 U.S.C. § 405(h)); see also Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits.").  Challenges related to social security benefits must be brought in "'the district court of the United States for the judicial district in which the plaintiff resides.'"  Arunga, 465 Fed. App'x at 967 (quoting 42 U.S.C. § 405(g)).

B.  Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

[w]henever a civil action is filed in [this] court . . . and [this] court finds that

2

there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already determined that it lacks subject matter jurisdiction over plaintiff's claims.  Although, it appears that plaintiff's complaint could have been filed in the United States District Court for the District of Connecticut, plaintiff's complaint contains so few factual allegations that the court is unable to determine whether transfer would serve the interests of justice in this case.  For this reason, a transfer of plaintiff's claims is not warranted.  If plaintiff believes he has a viable claim that can be heard in another forum, he may pursue such a case independently.

IV.     Conclusion

Accordingly, for the foregoing reasons, the clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*

PATRICIA E. CAMPBELL-SMITH
Judge